UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER,<br><br>                                  Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                                  Defendants. | Case No.:  15CV1710 BEN (NLS)<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO PROCEED IFP**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT**<br><br>[Docket Nos. 4, 10] |

   Plaintiff David B. Turner Jr. has filed a Complaint alleging he was improperly prescribed a medication.  (Docket No. 1.)  In conjunction with the filing of his Complaint, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP").  (Docket No. 2). Because Plaintiff's initial IFP Motion failed to identify his last employment, wages associated with that employment, or the source of funds for his day-to-day expenses, the motion was denied with leave to file a new and more complete IFP application.  (Docket

1

No. 3.) Plaintiff filed a new Motion for Leave to Proceed IFP, currently before the Court, and, shortly thereafter, filed a Notice of Appeal. (Docket Nos. 4, 6.) Plaintiff also filed a Request for Change of Address and Other Information for a Person in Jail. (Docket No. 10.) For the reasons outlined below, the renewed IFP Motion is **GRANTED** and the Complaint is *sua sponte* **DISMISSED** with leave to amend.

## DISCUSSION

### I.   Motion to Proceed IFP

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

Plaintiff's renewed Motion to Proceed IFP provides more information about Plaintiff's financial position and reflects that he is unable to pay the fees to proceed with this action. Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**.

### II.   *Sua Sponte* Dismissal

An IFP complaint is subject to mandatory screening. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." The *sua sponte* screening is mandatory. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

///

The caption of Plaintiff's Complaint suggests he is attempting to bring claims under 42 U.S.C. § 1983 for violations of the 8th and 14th Amendments and for medical malpractice.

Plaintiff appears to allege that the Logan Heights Family Health Center prescribed him a medication that was not approved by the U.S. Food and Drug Administration ("FDA") and that the medication could have dangerous side effects. The Complaint does not allege how he was injured by the prescription, any connection between the Center and the named Defendants, the state of California and County of San Diego, or how his constitutional rights were violated.

The allegations of Plaintiff's Complaint do not state a claim under § 1983. "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Although Plaintiff identifies the State and County as defendants, there are no allegations to suggest the Center was acting under color of state law or that Plaintiff was deprived of rights secured by the Constitution or federal statutes in being prescribed a medication. Additionally, medical malpractice is a state law claim. Because Plaintiff has failed to state a claim under § 1983 and the only other claim asserted is a state law claim, this Court lacks subject matter jurisdiction. Accordingly, this case is **sua sponte DISMISSED** with leave to file a First Amended Complaint.

### III. Request of Other Information

Plaintiff filed a Request for Change of Address and Other Information for Person in Jail. He requests that his address be updated to his new address at George Baily Detention Center in 23 cases, including this one. The case docket reflects that his address in this case has been updated. The filing also requests that he receive case docket sheets at the new address for each case. Although it is Plaintiff's responsibility to stay apprised of the status of his many cases without the provision of copies of the Court's docket

sheets, the Court orders the Clerk to include a copy of the docket sheet for this case with the making of a copy of this Order.

## CONCLUSION

Plaintiff's motion to proceed IFP is **GRANTED**. Plaintiff's Complaint is *sua sponte* **DISMISSED**. If Plaintiff wishes to file a FAC, it must be filed by **March 31, 2016**. If Plaintiff fails to file a FAC by March 31, 2016, the case will remain closed. The Clerk shall include a copy of the docket sheet for this case with the mailing of this Order to Plaintiff.

**IT IS SO ORDERED.**

Dated: February 9, 2016

_____
Hon. Roger T. Benitez
United States District Judge